LMH

**WO**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

Anant Kumar Tripati,

Plaintiff,

vs.

David Felix, et al.,

Defendants.

No. CV 05-0762-PHX-DGC (DKD)

**ORDER**

Plaintiff, currently confined in the Arizona State Prison Complex in Buckeye, Arizona, has filed a *pro se* Complaint pursuant to 42 U.S.C. § 1983. The Court will dismiss the action without leave to amend.

**A. Application to Proceed In Forma Pauperis & Filing Fee.**

Plaintiff's request to proceed *in forma pauperis* will be granted. 28 U.S.C. § 1915(a). Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is required to pay the statutory filing fee of $250.00 for this action. An initial partial filing fee of $15.60 will be assessed by this Order. 28 U.S.C. § 1915(b)(1). By separate order, the Court will direct the appropriate agency to collect the initial partial filing fee from Plaintiff's trust account and forward it to the Clerk of Court. Thereafter, Plaintiff will be obligated for monthly payments of 20 percent of the preceding month's income credited to Plaintiff's trust account. These payments will be forwarded by the appropriate agency to the Clerk of Court each time the amount in Plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

Plaintiff should take notice that if he is released before the filing fee is paid in full, he must pay the remaining unpaid amount of the filing fee within 120 days of the date of his release. If Plaintiff fails to pay the remainder of the filing fee within 120 days of the date of his release, the action will be dismissed, unless Plaintiff shows good cause, in writing, why he is unable to pay the remainder of the filing fee.

**B. Statutory Screening of Prisoner Complaints.**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if Plaintiff has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend the complaint before dismissal of the action. See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*). The Court is required to grant leave to amend "if a complaint can possibly be saved," but not if the Complaint "lacks merit entirely." Id. at 1129. A court therefore should grant leave to amend if the pleading could be cured by the allegation of other facts, or if it appears at all possible that the defect can be corrected. Id. at 1130. Plaintiff's Complaint will be dismissed *without* leave to amend because the defects cannot be corrected.

**C. Complaint.**

Plaintiff sues Department of Public Safety Director David Felix and Arizona Department of Corrections Director Dora B. Schriro. Plaintiff alleges that on May 7, 2004, a DNA sample was taken from him without his consent. He contends that the collection was not authorized because he had been convicted of fraudulent schemes and artifices, which was not one of the predicate offenses under Arizona's DNA sampling statute. Plaintiff's grievance regarding the matter was denied on the basis that the collection was statutorily authorized because Plaintiff was a felony offender.

Plaintiff claims that the sampling violated his Fourth and Fourteenth Amendment rights because the samples were taken without statutory authority, to establish a law enforcement database, without probable cause, and with no guarantee that the sample would not be tainted. For relief, Plaintiff requests an unspecified amount of monetary damages and an order for destruction of the sample.

**D. Failure to State a Claim.**

*1. Fourth Amendment*

Plaintiff raised similar claims in a previous action that was ultimately dismissed for lack of exhaustion. See Tripati v. Schriro, No. CV 04-1086-PHX-DGC (DKD) (D. Ariz.) (Feb. 11, 2005 Ord. & Judgment). In Plaintiff's earlier action, the Court found that his Fourth Amendment claim survived screening standards because the Ninth Circuit had granted an *en banc* rehearing in United States v. Kincade, 354 F.3d 1000 (9th Cir. 2004). Since that time, the *en banc* Ninth Circuit Court of Appeals has ruled.

In United States v. Kincade, 379 F.3d 813, 832-34 (9th Cir. 2004) (*en banc*), cert. denied, 125 S. Ct. 1638 (2005), the court of appeals held that the Fourth Amendment was not violated by compulsory blood profiling of persons on conditional release. Nearly ten years prior to the Kincade decision, the Ninth Circuit Court of Appeals held in Rise v. State of Oregon, 59 F.3d 1556 (9th Cir. 1995), that the Fourth Amendment was not violated by requiring felons convicted of murder or specific sexual offenses to submit a blood sample for a DNA databank. Every circuit court considering the issue has held that DNA sampling does not violate the Fourth Amendment, whether the person is a convicted felon or on conditional release. See U.S. v. Sczubelek, 402 F.3d 175, 181-87 (3d Cir. 2005) (supervised release); Padgett v. Donald, 401 F.3d 1273 (11th Cir. 2005) (convicted felon), pet. for cert. filed, 73 U.S.L.W. (June 2, 2004); Green v. Berge, 354 F.3d 675, 679 (7th Cir. 2004) (convicted felon); Groceman v. U.S. Dep't of Justice, 354 F.3d 411 (5th Cir. 2004) (*per curiam*) (convicted felon); United States v. Kimler, 335 F.3d 1132, 1146 (10th Cir.) (supervised release), cert. denied, 540 U.S. 1083 (2003); Roe v. Marcotte, 193 F.3d 72, 78-82 (2d Cir. 1999) (convicted sex offenders) Jones v. Murray, 962 F.2d 302 (4th Cir.) (convicted felon),

cert. denied, 506 U.S. 977 (1992). As a convicted felon, Plaintiff's Fourth Amendment rights were not violated by compelled DNA sampling.

*2. Fourteenth Amendment*

Plaintiff asserts that his Fourteenth Amendment rights were violated because the sample was taken without probable cause to establish a law enforcement database. In Graham v. Connor, 490 U.S. 386, 395 (1989), the Supreme Court explained that where "the Fourth Amendment provides an explicit textual sources of constitutional protection against . . . physically intrusive governmental conduct, that Amendment, and not the more generalized notion of 'substantive due process,' must be the guide . . ." Plaintiff's due process claims are therefore subsumed by the foregoing Fourth Amendment analysis.

Plaintiff also asserts that his Fourteenth Amendment rights were violated because his offense of fraudulent schemes and artifices was not one of the predicate offenses under Arizona law for DNA sampling. Although the nature of Plaintiff's offense does not qualify him, his status as a felony offender does. Arizona's DNA sampling statute applies to persons convicted of the following offenses:

> (1) A violation or attempt to violate any offense in chapter 11 of this title [homicide], any felony offense in chapter 14 [sexual offenses] or 35.1 of this title [sexual exploitation of children] or § 13-1507 [second-degree burglary], 13-1508 [first-degree burglary] or 13-3608 [incest].
>
> (2) Any offense for which a person is required to register pursuant to § 13-3821 [sex offender registration].
>
> (3) Any offense involving the discharge, use or threatening exhibition of a deadly weapon or dangerous instrument or the intentional or knowing infliction of serious physical injury as provided in § 13-604 [dangerous and repetitive offenders].
>
> (4) A violation of any felony offense in chapter 34 of this title [drug offenses].
>
> ***(5) Beginning on January 1, 2004, a violation of any felony offense***.

ARIZ. REV. STAT. § 13-610(N) (emphasis added). When the felony offense occurred before January 1, 2004, and the person is incarcerated, the sample must be taken within one hundred eighty days of January 1, 2004. See ARIZ. REV. STAT. § 13-610(L). Plaintiff was convicted in 1993 and his sample was taken on May 7, 2004, within the statutorily-required period.

Consequently, Plaintiff's due process claim suffers from a fatal flaw because the sampling was authorized under state law.

Finally, Plaintiff believes that his due process rights were violated because the samples might be tainted by the method of handling. This speculative allegation is too nonspecific to state a justiciable controversy. See Boling v. Romer, 101 F.3d 1336, 1341 (10th Cir. 1996) (no justiciable controversy by claim that state might misuse information derived from DNA samples). Accordingly, Plaintiff's due process claims fails.

The Court cannot conceive of any way that Plaintiff could amend his action to state a claim based on the compelled DNA sampling. The Court will therefore dismiss the action.

**IT IS THEREFORE ORDERED that:**

(1) Plaintiff's Application to Proceed *In Forma Pauperis* is granted pursuant to 28 U.S.C. § 1915(a)(1).

(2) Plaintiff is obligated to pay the statutory filing fee of $250.00 for this action. Plaintiff is assessed an initial partial filing fee of $15.60. All fees shall be collected and paid in accordance with this Court's Order to the appropriate government agency filed concurrently herewith.

(3) The Complaint and this action are dismissed for failure to state a claim pursuant to 28 U.S.C. §1915(e)(2)(B)(ii), and the Clerk of Court shall enter judgment accordingly.

(4) The Clerk of Court shall make an entry on the docket in this matter indicating that the dismissal for failure to state a claim falls within the purview of 28 U.S.C. § 1915(g).

Dated this 13th day of October, 2005.

David G. Campbell
United States District Judge